**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:04CV-165-R**

**WILLIAM B. HOBBS**                                                            **PLAINTIFF**

**v.**

**WARREN HOPKINS** *et al.*                                               **DEFENDANTS**

**OPINION**

Plaintiff William B. Hobbs filed a *pro se* complaint alleging federal constitutional violations under 42 U.S.C. § 1983 and "tortuous behavior under KRS 413.120(7) and Craft v. Rice, 671 S.W.2d 247, Ky. (1984)." (DN 2). Upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e), the Court found that the § 1983 claims appeared to be time barred (DN 5). Before dismissing those claims, however, the Court granted Plaintiff twenty days within which to show cause why the § 1983 claims should not be dismissed as time barred. Plaintiff filed three responses to the Court's Order (DNs 8, 9 & 10).[1]

A review of the responses confirms that the § 1983 claims are untimely and must be dismissed. The state law claims will also be dismissed because the Court will decline to exercise supplemental jurisdiction over those claims and because diversity jurisdiction is absent.

**I. SUMMARY OF FACTS AND CLAIMS**

Asserting subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1343, Plaintiff brings suit against various governmental and non-governmental actors. In particular, as Defendants, he names practicing attorneys Warren Hopkins, Max Parker, Steve Sanders, and the

---

[1] Plaintiff subsequently filed other motions and/or notices with this Court. Those filings either do not pertain to the allegations in the complaint or they may pertain to the allegations but fail to demonstrate timeliness and are thus futile for the purpose of amendment (DNs 11-19). *See North Am. Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1284 (6th Cir. 1997) (indicating that a district court may deny a motion to amend where the court finds that the proposed changes are futile, *i.e.*, destined to fail). By separate order, the Court will thus deny all pending motions.

late Robert O. Miller; Murray Police Chief Ken Claude; the City of Murray and its Mayor, Tommy Rushing; Calloway County Sheriff Larry Roberts; Calloway County Deputy Sheriff Danny McCuiston; Calloway County Attorney David Herrington; Calloway County and its Judge Executive, Larry Elkins; Calloway Circuit Court Clerk Ann Wilson; Marshall County Jailer Herman Ford; Marshall County Deputy Jailers Jerry Riley and Jerry Ford; and Marshall County and its Judge Executive, Mike Miller.[2]  Seeking compensatory and punitive damages, Plaintiff sues all Defendants in their individual and official capacities, except for Defendant Elkins, whom he sues in his official capacity only.

In the complaint, Plaintiff alleges a conspiracy among Defendants "to violate [his] due process and other civil rights . . . and to arrest [him] for a crime that he did not commit."  He explains that when Mrs. Hobbs (who appears to have been his wife, given the context) died in February 1992, she left $500 to each of her grandchildren, a 100-acre farm to her boys, and the house to Plaintiff.  Because Mrs. Hobbs' boys were not satisfied with what they had inherited, they filed suit in Calloway County Court.  Plaintiff reports that he was not allowed to call witnesses or to hear the opening statement at trial.  He ultimately "los[t] at trial" and "didn't know he was tried for **CIVIL FRAUD until 6 months later**."

Plaintiff sought the advice of Defendant Attorney Miller, who remarked that he would "represent Plaintiff on any matter but this trial."  On Plaintiff's way home, an unidentified Murray Police Officer drove his car toward Plaintiff, "exited the [] vehicle, forcibly and

---

[2]In the caption, Plaintiff additionally writes, "Matters Plaintiff not sure how to handle" and lists Circuit Judges David Buckingham and Dennis Foust.  Despite this reference in the caption, Plaintiff fails to list them in the parties section of the complaint and fails to refer to them as defendants in the body of the complaint.  He additionally fails to provide a summons for those two individuals, although he provides one for each of the above-listed Defendants.  Thus, it is unclear whether Judges Buckingham and Foust are defendants.  Even if they are, the disposition is still the same.

2

physically attacked and grabbed [Plaintiff's] body bring[ing him] to the ground, twisting [his] arm behind [his] back, handcuffing [him], and battering [his] body." Plaintiff was then take to the Marshall County Jail and imprisoned.

Plaintiff claims that Defendant Attorney Miller overheard Defendant Attorney Sanders tell Defendant Attorney Parker that Judge Buckingham was planning to take everything Plaintiff owned. Defendant Attorney Parker said, "'Lets do it." After the trial, Defendant Attorney Sanders told Plaintiff that Plaintiff was set up and that Defendant Attorney Hopkins was also working with Judge Buckingham. Plaintiff then claims that at some unspecified time, Judge Foust and Defendant Marshall County Jailer Ford allowed Defendant Attorney Miller and Murray Police Officer Mike Jump to come into the jail and assault him.

At some later time during his incarceration at the Marshall County Jail, Plaintiff was transferred to the Fulton County Jail. He was then ordered back to the Marshall County Jail, during which transport Defendant Calloway County Deputy Sheriff McQuiston handcuffed Plaintiff, escorted him to the car, slapped Plaintiff around the face, told Plaintiff that he had orders to commit him to the insane asylum, took Plaintiff to the Hopkinsville Jail to spend the night, and then took Plaintiff to a psychiatrist at a hospital, where Plaintiff was forced to take an IQ test. Defendant McCuiston then delivered Plaintiff back to the Marshall County Jail.

Sometime after his return to the Marshall County Jail, Plaintiff was attacked by another inmate, David Cavitt, who hit Plaintiff sending him sliding across the floor and under the bed. Defendant Jailer Ford, Defendant Deputy Jailer Riley, and Judge Foust were watching from the door. Plaintiff implies that Defendant Jailer Ford was behind the incident. Plaintiff additionally

claims that Defendant Deputy Jailer Riley ordered inmate Cavitt to attack Plaintiff on two other occasions, but Cavitt refused.

Plaintiff reports that he remained in Marshall County Jail for over a year without a charge or representation by an attorney. He asked Defendant Deputy Jailer Jerry Ford to allow him to call an attorney, but Deputy Ford refused. When Plaintiff filed a petition for writ of habeas corpus, Judge Foust immediately released him. Finally, Plaintiff reports that he does not believe his mail ever left the jail and suggests that Defendant Court Clerk Wilson failed to take special care with legal papers filed in her office.

## II. STANDARD OF REVIEW

Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Under § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that—. . . (B) the action . . . —(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations

contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). To command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Federal claims

In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. ANN. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). The Kentucky statute requires a plaintiff to commence his action within one year after the cause of action accrues. KY. REV. STAT. ANN. § 413.140(1)(a). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard v. Ky. Bd. of Nursing*, 896

F.2d at 183 (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

On review of the complaint, it appears that all of the events about which Plaintiff complains, including the alleged conspiracy, the assaults, and the "fraudulent trial and controlled proceedings," seemingly occurred within close temporal proximity to the 1992 death of Mrs. Hobbs. In other words, it appears that the acts about which Plaintiff complains occurred some time in the early to mid 1990's, well over a year prior to the filing of the complaint on August 4, 2004. Plaintiff's response to the Court's show cause Order confirm this inference.

While Plaintiff filed three responses, the Court need not discuss the first and third,[3] as the second response alone clarifies the timeliness issue (DN 9). Specifically, in the second response, Plaintiff reports,

> Mrs. Hobbs died February 27, 1992. Plaintiffs filed suit against William Hobbs one year after her death. Defendant, William Hobbs file[d] an appeal after his fraudulent trial in 1993 To Kentucky Appeals Court right after but could not perfect his appeal because he was held in jail for that year. So about 1995 of that summer he was released from the Marshall County Jail. William Hobbs filed his 1983 civil action August 4, 200[4].[4]

Since all of the allegations in the complaint occurred during and before Plaintiff's incarceration in the Marshall County Jail, the foregoing information makes clear that the one-year limitations period began to run, at the latest, upon his release from the jail in 1995 and that the limitations

---

[3]In the first response, Plaintiff advises that he did not have "true knowledge of fraud" until his 62nd or 63rd birthday in January 2002 (DN 8). It is unclear how this information fits in with the allegations in the complaint, but even if his statement were true, the complaint was not filed until two years later in August 2004, well outside the one-year limitations period. In the third response, Plaintiff states that he files this action as an intentional tort and lists the following: battery, false imprisonment, malpractice, emotional distress, and conversion (DN 10). This information has nothing to do with the § 1983 statute-of-limitations issue.

[4]Plaintiff actually writes that he filed his civil action on August 4, 2001, but as the docket sheet and the complaint evince, the instant action was unequivocally filed on August 4, 2004.

period expired a year later in 1996, eight years prior to the commencement of the instant action on August 4, 2004. As the § 1983 action was not commenced within a year of the incidents about which Plaintiff complains, the § 1983 claims are time barred and will be dismissed as frivolous. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("Upon review, we conclude that the district court properly dismissed as frivolous Plaintiff's claims arising out of his incarceration at HCCF inasmuch as any such claim is barred the by the applicable statute of limitations.").

### B. State law claims

Plaintiff seeks to invoke this Court's supplemental jurisdiction to secure federal review of his asserted statutory and common-law tort claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Having dismissed the federal § 1983 claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

Plaintiff additionally asserts that this Court has jurisdiction over the state law claims under 28 U.S.C. § 1332, the federal diversity statute. Under that statute, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. Although Plaintiff alleges that the amount in controversy exceeds $75,000, "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each

plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Because Plaintiff reports that each party is located in Kentucky, diversity jurisdiction is not present in this case.

The state law claims will therefore be dismissed without prejudice.

The Court will enter an Order consistent with this Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Calloway County Attorney
        Marshall County Attorney
4413.005